IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE MICHAEL MAES,

    Plaintiff,

v.                                                       Civ. No. 17-00988 KG/LF

THE HERSHEY COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Plaintiff's "Motion to Stay," filed on January 16, 2018. (Doc. 13). Defendant responded on January 30, 2018, and Plaintiff replied on February 5, 2018. (Docs. 15 and 16).

On November 3, 2016, Plaintiff filed suit against Defendant in the First Judicial District Court, Santa Fe County, State of New Mexico. (Doc. 1-2). Plaintiff alleged an array of torts, including personal injury, products liability, and "defective product." *Id.* at 3-4. The suit stems from an injury he alleges occurred when he bit into a chocolate product containing a metal item. *Id.* at 1-2.

On September 27, 2017, Defendant filed its notice of removal, alleging diversity jurisdiction. (Doc. 1). It appears Defendant followed the removal procedures correctly.

On November 6, 2017, United States Magistrate Judge Laura Fashing granted Plaintiff's unopposed motion to stay until January 16, 2018. (Doc. 11). Plaintiff asserted the stay was necessary so he could aid his ailing father.

On January 16, 2018, Plaintiff filed his second Motion to Stay, this time for a stay until July 2019. (Doc. 13). This motion is opposed. As grounds for a stay, Plaintiff asserts an array

of reasons, including medical, financial, and "juridical." *Id.* at 1-4. In the event the Court grants the stay, Plaintiff also seeks a writ of mandamus. *Id.* at 3-4.

The decision to grant a stay is discretionary. *See, e.g.*, *Lewis v. United States*, 2016 WL 4821310, at *3 (S.D. W. Va.); *In re Kozeny*, 236 F.3d 615 (10th Cir. 2000) (recognizing federal courts' inherent discretion to order stay). "The party seeking a stay must justify [a stay] by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Lewis*, 2016 WL 4821310, at *3 (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)).

While I am sensitive to Plaintiff's request and medical condition, I will deny the motion to stay; ultimately, he has failed to establish by clear and convincing circumstances that a stay until July 2019 outweighs any potential harm to Defendant. First, Plaintiff asserts health reasons for a stay. I do not find this persuasive. Plaintiff provides no sound reason why he would be prepared to continue litigation of his claims on July 2019, but not before then. The ailments he describes in his Motion to Stay, and which appear to be unrelated to his claims, predate his complaint, which was filed in November 2016. For example, he describes "cramping daily" as long ago as October 2010 when he received a "mesh implant." (Doc. 13) at 1. Also, he notes an "open hernia surgery" on March 26, 2013. *Id.* at 1-2. On October 31, 2016, he "was operated on for a right sided hernia." *Id.* at 2. Nothing Plaintiff describes suggests any unanticipated condition or event that arose after he filed his complaint on November 3, 2016.

Moreover, Plaintiff provides no basis to ascertain that these ailments will not prevent continued litigation on or after July 2019. In this way, even though he requests a stay until July 2019, the duration of a stay likely would become indefinite. *See Topsnik v. United States*, 114 Fed. Cl. 1, 3 (2013) ("A stay that is immoderate or indefinite may be an abuse of discretion."

(internal quotation marks omitted) (citing *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997))).

I also observe that Plaintiff very actively pursued his claim prior to filing his complaint, all while suffering from these same ailments. For instance, he effectively corresponded with Defendant, as evidenced in the letter from Defendant dated April 2, 2015, that references his letter dated March 19, 2015; he researched "galvanic shock," as evidenced in the article he provided in his motion to stay dated January 27, 2013; he personally photographed or arranged to photograph the alleged metal item, as evidenced by the series of photos attached to the motion to stay; and he diagrammed or arranged to have a diagram prepared of the metal item which he also attached to the motion to stay. (Doc. 13-1) at 1-11; (Doc. 13-2) at 1-22; (Doc. 16) at 4-5. Thus, Plaintiff's medical reasons for a stay until July 2019 are unpersuasive.

Second, Plaintiff asserts "financial" reasons for a stay. He only purports, "I am unable to effectively litigate against the Hershey Corporation due to financial obligations. If allowed to stay my complaint until July 2019, I hope to go forward with my tort." (Doc. 13) at 3. Plaintiff fails to sufficiently establish how or even whether any purported financial difficulties will be eliminated by July 2019, such that he could proceed. Also, financial difficulties alone are an insufficient basis to stay proceedings. *Cf. NXT, Inc. v. Republic of KOREA*, 2013 WL 12090245, at *3 (holding simple economic loss insufficient to show irreparable harm necessary to stay proceeding under Fed. R. Civ. P. 62(c)).

Third, Plaintiff asserts "juridical" reasons for a stay. It is not clear exactly what Plaintiff means by "juridical," except that he suggests, "there can be no adverse effects nor prejudice against the defense if I am allowed a stay of this matter before the court until July 2019." (Doc.

13) at 3.  Defendant contends it will be prejudiced by such a lengthy stay, and I agree.  For all these reasons, Plaintiff's request for a stay is denied.

Finally, Plaintiff requests I issue a writ of mandamus in the event the stay is granted.  "Mandamus…is a writ issued by a court to compel performance of a particular act by a lower court or governmental officer or body."  *Armstrong v. New Mexico Disability Determination Services*, 2017 WL 4402403, at *8 (citing *Black's Law Dictionary* 1105 (10th ed. 2014)).  Plaintiff's request, here, is misplaced.  Essentially, Plaintiff is asking for an order requiring Defendant to preserve evidence while the case is stayed.  *See* (Doc. 13) at 3-4.  Plaintiff fails, however, to show why this Court can compel Defendant through the writ or why the writ is the appropriate vehicle.  *See State Farm Mut. Auto. Ins. Co. v. Scholes*, 601 F.2d 1151, 1154 (10th Cir. 1979) ("[m]andamus is proper only when a party has no other adequate means to obtain relief…[and the] right to relief must be clear and indisputable.");  *see also Estate of Smith v. Heckler*, 747 F.2d 583, 591 (10th Cir. 1984) ("the general rule [is] that mandamus is appropriate where the person seeking the relief can show a duty owed to him by the government official to whom the writ is directed that is ministerial, clearly defined and peremptory." (internal quotation marks and citations omitted)).  In any event, Plaintiff's request for a writ of mandamus is moot because I have denied his motion for a stay.

IT IS ORDERED that Plaintiff's Motion to Stay (Doc. 13) is denied.

_____
UNITED STATES DISTRICT JUDGE